IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON NIEMOCZYNSKI, JR., and NALINA NIEMOCZYNSKI, : : : Plaintiffs, : : v. : : UPPER MOUNT BETHEL TOWNSHIP OF PENNSYLVANIA, et al., : : Defendants. : | CIVIL ACTION  NO. 16-0212 |

## MEMORANDUM

STENGEL, J.                                                                                                                                                           January 23, 2017

      Plaintiffs Leon Niemoczynski, Jr. and Nalina Niemoczynski filed numerous federal and state law claims against Upper Mount Bethel Township of Pennsylvania, the Upper Mount Bethel Township Zoning Board, and Township employees Robert Cartwright, Maureen Sterner, Robert Collura, Jeffrey Manzi, and Ronald Angle, as well as their neighbors Robert and Fran Aponick, in relation to a property owned by the plaintiffs. The Aponicks and the Township Defendants filed separate motions to dismiss the respective claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motions to dismiss are granted.

## I.     FACTUAL BACKGROUND

      The plaintiffs were the successful bidders at an auction for a foreclosed property located at 439 Slateford Road in Mount Bethel, Pennsylvania. (Compl. ¶¶ 1, 15.) The plaintiffs'

intention was to purchase the 439 property, demolish the existing structure, and build a family home on the property. (Id. ¶ 12.)

Beginning in March 2013, the plaintiffs experienced difficulties with their neighbors, Robert and Fran Aponick, because the Aponicks made claims to a strip of land on the 439 property that they wished to use to transport and store their boat and because the Aponicks repeatedly let their dogs loose on the 439 property. (Id. ¶¶ 17, 25, 45.) In June 2013, Robert Aponick trespassed on the 439 property and destroyed a newly constructed fence, and also cut down tree limbs past the property line. (Id. ¶¶ 35–36.) Robert Aponick trespassed and vandalized the 439 property on various dates between December 2013 and July 2014, including by depositing large railroad stones onto the property, pulling up survey stakes, and intimidating workers on the property who had been hired by the plaintiffs. (Id. ¶¶ 49, 50, 51, 62.) In December 2014, Robert Aponick approached Mr. Niemoczynski and pointed what appeared to be a weapon at him while screaming expletives. (Id. ¶ 56.)

The plaintiffs also experienced difficulties with the Township after purchasing the 439 property. Apparently under the direction of Township employees, a drain on the plaintiffs' property was cut and a speed limit sign on the corner of the plaintiffs' property was removed in order to allow the Aponicks to move their boat across the strip of land. (Id. ¶ 28.) Another Township employee contacted the plaintiffs to demand that they grant an easement so that the Aponicks could have access to a road and storage for their boat, and threatened to have the land declared as unbuildable or to take it through eminent domain. (Id. ¶¶ 39, 41.) Still another Township employee told the plaintiffs that the Township would squash them like a bug if they did not grant the easement. (Id. ¶ 43.)

The plaintiffs also faced obstacles when trying to obtain various approvals and permits for the work they wanted to do on the 439 property. The plaintiffs believe this was due to the issues with the Aponicks, as well as the Township's inaccurate claims that the property required a FEMA permit and flood elevation certificate and that the plaintiffs' applications required an engineer's signature. (Id. ¶¶ 30, 32.) After the plaintiffs hired an attorney to assist them in dealing with the Township, they learned that the Township required a variance to build on the property because it was now considered to be in a floodplain. (Id. ¶ 37.) Following zoning hearings, the plaintiffs' variance request was denied because of concerns about the Aponicks and other nearby residents. (Id. ¶ 55.) On the Township's advice, the plaintiffs submitted a stipulation package in connection with the requested variance, but were later told that they actually needed a special exception and would therefore have to submit new permits, surveys, and documents. (Id. ¶¶ 59–60.) The plaintiffs hired an engineer, after being ordered to do so by the Township, who told them that they never needed a variance because they did not reside in a floodway, the proposed home was smaller than the original home, and the Township's assertion regarding the required grading was incorrect. (Id. ¶¶ 60–61.)

During a planning commission meeting on October 21, 2015, the Township's solicitor admitted that the zoning board's denial of the plaintiffs' build permit was for personal reasons, the variance was not needed, and Township employees had used the wrong ordinance. (Id. ¶ 63.) The solicitor also admitted that the Township's concerns that the proposed home would not conform with homes in the surrounding area were misplaced because the proposed home did not need to be elevated. (Id.) Later that month the plaintiffs attended another zoning board meeting to apply for the special exception, during which Township employees Manzi and Angle continued to propose easements and land sales to benefit the Aponicks and another set of

neighbors.  (Id. ¶ 64.)  Manzi and Angle, as well as another board member, raised opposition to the plaintiffs being allowed to rent any home built on the property.  (Id. ¶ 65.)  During the meeting the plaintiffs' representative alleged a conflict of interest because Manzi runs a rental property three houses away from the 439 property.  (Id. ¶ 66.)  Also during the meeting, Angle suggested a conditional acceptance of the build request conditioned on a review of the septic system, based on false testimony from Robert Aponick that the home had been sold because of septic failure, rather than because of foreclosure.  (Id. ¶ 67.)  The 439 property passed a septic inspection at the end of October 2015, but the Township did not issue any permits or written decisions allowing the plaintiffs to build in November or the "early part of December 2015."[1]  (Id. ¶ 68.)  The plaintiffs were told that documents related to the building permits, which had been submitted and accepted in December 2014, were "missing."  (Id. ¶ 69.)

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

---

[1] According to the Township Defendants, the Township issued the permits that the plaintiffs were seeking in December 2015.  (Township Defs.' Mem. Supp. Mot. Dismiss 2.)

at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

The Township Defendants and the Aponicks move to dismiss all of the plaintiffs' claims against them for failure to state a claim under Rule 12(b)(6). Having considered the complaint and the parties' briefs, I find that the plaintiffs' federal law claims—the § 1983 due process claims, FHA claim, and § 1983 conspiracy claim—fail as a matter of law for the reasons discussed below, and therefore must be dismissed. As the federal claims are dismissed, I decline to exercise supplemental jurisdiction over the plaintiffs' state law claims, which are therefore also subject to dismissal.[2] Both the Township Defendants' and the Aponicks' motions to dismiss are therefore granted, and the complaint is dismissed in its entirety.

### A. Count One: Due Process

The plaintiffs set forth a § 1983 claim for substantive and procedural due process violations against Upper Mount Bethel Township and the Upper Mount Bethel Township Zoning Board, as well as Robert Cartwright, Maureen Sterner, Ron Angle, Jeffrey Manzi, and Robert Collura. The plaintiffs allege that they had a protected property interest in the 439 property and that, by changing permit and survey requirements, the defendants applied township ordinances in an arbitrary and capricious manner. (Compl. ¶ 71.) Specifically, the plaintiffs allege the following arbitrary and capricious applications of Township ordinances: (1) changing the variance requirement to a special exception requirement; (2) threatening the use of eminent domain; (3) threatening to take an easement from the plaintiffs' property if they did not comply

---

[2] In light of the dismissal of the plaintiffs' federal law claims, the court lacks subject matter jurisdiction over the plaintiffs' remaining state law claims. The claims in counts three, five, six, and seven, as well as the state law civil conspiracy claim set forth in count four, do not present federal questions which would support subject matter jurisdiction under 28 U.S.C. § 1331, nor does the complaint assert sufficient facts to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Accordingly, the remainder of the plaintiffs' complaint is dismissed for lack of subject matter jurisdiction.

with Township requests; (4) refusing to accept documents that the plaintiffs submitted in an attempt to comply with permit and licensing requirements; (5) denying the plaintiffs' variance request based on the concerns of other Township residents rather than by applying the correct standards; (6) attempting to take an easement from the plaintiffs' property in order to benefit private individuals; and (7) attempting to refuse the plaintiffs' right to rent any home built on the 439 property.[3] (Id. ¶¶ 72–78.)

I will first address the plaintiffs' substantive due process claim, followed by their procedural due process claim. For the reasons discussed below, both due process claims are dismissed.[4]

---

[3] The defendants argue that, to the extent the plaintiffs are attempting to assert a Fifth Amendment "takings" claim as part of count one, any such claim fails as a matter of law. (Township Defs.' Mem. Supp. Mot. Dismiss 10.) "The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, proscribes the taking of private property for public use without just compensation." Cty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 164 (3d Cir. 2006) (citing U.S. Const. amend. V, XIV; Cowell v. Palmer Twp., 263 F.3d 286, 290 (3d Cir. 2001)). "There is no violation of the takings clause unless and until a property owner unsuccessfully attempts to secure adequate compensation pursuant to state procedures provided for that purpose." DeFeo v. Sill, 810 F. Supp. 648, 657–58 (E.D. Pa. 1993) (citing Williamson Co. Regional Planning v. Hamilton Bank, 473 U.S. 172, 195 (1985)). As the defendants point out, the plaintiffs have not set forth any allegation that their land was permanently deprived of all value, or that they were not compensated for such deprivation. (Township Defs.' Mem. Supp. Mot. Dismiss 10.) Thus, to the extent that the plaintiffs intended to assert a Fifth Amendment claim in count one, it is dismissed.

[4] The defendants raise several threshold issues with respect to the plaintiffs' claims in count one: (1) the plaintiffs may not file both official capacity and individual capacity claims against Cartwright, Sterner, Angle, Manzi, and Collura; (2) events giving rise to the plaintiffs' claims that occurred prior to January 15, 2014 are outside the statute of limitations; (3) Sterner took no action against the plaintiffs and was not involved in any activities that occurred after January 15, 2014, and that therefore all claims against her should be dismissed because of the statute of limitations; (4) the plaintiffs may not sue the Township and the individual defendants in their official capacities for the same claims; and (5) the Township's Zoning Board is not a separate, sueable entity under federal law and must therefore be dismissed as a defendant in this case. Because I find that the due process claims must be dismissed for failure to state a claim, I do not reach these additional arguments in support of their dismissal. The plaintiffs, however, may wish to take the defendants' arguments into account should they choose to file an amended complaint.

7

1. **<u>Substantive Due Process</u>**

"To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." <u>Chainey v. Street</u>, 523 F.3d 200, 219 (3d Cir. 2008) (citing <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.</u>, 316 F.3d 392, 400–02 (3d Cir. 2003)). "[O]wnership is a property interest worthy of substantive due process protection." <u>Chainey</u>, 523 F.3d at 219 (citing <u>DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell</u>, 53 F.3d 592, 600 (3d Cir. 1995), *overruled on other grounds by* <u>United Artists</u>, 316 F.3d at 401)). Even assuming that the plaintiffs were deprived of protected property rights, the plaintiffs' allegations do not show that the Township Defendants' conduct "shocks the conscience."

Under the "shocks the conscience" standard, "only the most egregious executive action can be said to be 'arbitrary' in the constitutional sense." <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998), *abrogated on other grounds by* <u>Saucier v. Katz</u>, 533 U.S. 194 (2001). "What is shocking depends on context [. . .] but, in the land use context, the standard is sufficiently high to 'avoid converting federal courts into super zoning tribunals.'" <u>Perano v. Twp. Of Tilden</u>, 423 F. App'x 234, 238 (3d Cir. 2011) (quoting <u>Eichenlaub v. Twp. of Indiana</u>, 385 F.3d 274, 285 (3d Cir. 2004)) (additional citations omitted); <u>see also</u> <u>United Artists</u>, 316 F.3d at 402 ("Application of the 'shocks the conscience' standard in [land use cases] prevents [courts] from being cast in the role of a 'zoning board of appeals.'") (quoting <u>Creative Environments, Inc. v. Estabrook</u>, 680 F.2d 822, 833 (1st Cir. 1982) (additional citations omitted)). The United States Court of Appeals for the Third Circuit has definitively stated that "[l]and-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based

only on allegations that government officials acted with 'improper' motives." United Artists, 316 F.3d at 402.

There are numerous examples of conduct in zoning disputes that did not satisfy the conscience-shocking standard. In one such case, the Third Circuit held that treating plaintiffs differently from other property owners and delaying permits and approvals is not conscience-shocking behavior. Eichenlaub, 385 F.3d at 286 (holding that the district court properly dismissed a substantive due process claim where the plaintiffs alleged "that zoning officials applied subdivision requirements to their property that were not applied to other parcels; that they pursued unannounced and unnecessary inspection and enforcement actions; that they delayed certain permits and approvals; [and] that they improperly increased tax assessments.").

In another land use case, the Third Circuit upheld a summary judgment ruling for the defendants where zoning commissioners considering a subdivision plan proposed the addition of a sewer line to benefit homes outside the subdivision property as well as creating walking paths across the property. Blain v. Twp. of Radnor, 167 F. App'x 330, 332 (3d Cir. 2006). The plaintiff in that case claimed that one of the zoning commissioners threatened to condemn some of the plaintiff's land if she did not acquiesce to the commissions' request for walking paths, which would have reduced the property's value. Id. The subdivision plan was ultimately approved without any of the commission's proposed conditions.[5] Id. The Third Circuit affirmed the district court's finding that the allegations of "[t]he [township's] frivolous or non-meritorious appeal, condemnation threat, conflict of interest, and improper denial of a subdivision plan" "were not conscience-shocking." Id. at 333.

---

[5] As stated above, the Township Defendants assert that the Township issued the permits that the plaintiffs were seeking in December 2015. (Township Defs.' Mem. Supp. Mot. Dismiss 2.)

Here, the plaintiffs allege that the zoning board members acted under a conflict of interest, threatened them with eminent domain if they did not agree to certain requests, acted for the benefit of other property owners, applied ordinances incorrectly, and improperly delayed and denied their permit approvals.  These allegations are nearly identical to sets of facts that the Third Circuit previously found insufficient to pass the "shocks the conscience" test.  Thus, having failed to allege conscience-shocking conduct, the plaintiffs have failed to set forth a legally sufficient substantive due process claim.  The plaintiffs' substantive due process claim must therefore be dismissed.

### 2. Procedural Due Process

"'To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  Mulholland v. Gov't Cty. of Berks, Pa., 706 F.3d 227, 238 (3d Cir. 2013) (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006)).  "'A state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body.'"  Perano, 423 F. App'x at 237 (quoting DeBlasio, 53 F.3d at 597, *abrogated in part on other grounds by* United Artists, 316 F.3d at 400).  The Third Circuit has held that Pennsylvania's post-deprivation judicial remedies for challenging administrative land use decisions are reasonable.  See Perano, 423 F. App'x at 237 (citing Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988) (holding that Pennsylvania's "judicial mechanism with which to challenge the administrative decision to deny an application for a building permit" was constitutionally adequate), *abrogated in part on other grounds by* United Artists, 316 F.3d at 400)).

Here, the plaintiffs argue that the motion to dismiss their procedural due process claim should be denied, because the plaintiffs' build permit received provisional approval, not final approval. (Pls.' Resp. Opp'n to Township Defs.' Mot. Dismiss 10.) According to the plaintiffs, if the claim is dismissed "the Township Defendants could potentially go back and deny Plaintiffs' permits, starting the entire process over again and further frustrating Plaintiffs' property interest." (Id.) The plaintiffs' argument is misplaced, because it focuses on the allegedly improper actions of the zoning board members, rather than the procedures available to the plaintiffs to seek redress. Even assuming that the Township Defendants acted for the reasons alleged in the complaint, the plaintiffs' procedural due process claim fails because "even if the Township acted arbitrarily and failed to base its decisions on applicable law, such an argument does not demonstrate a failure to provide adequate procedural due process." Perano v. Twp. of Tilden, No. Civ.A. 09-00754, 2010 WL 1462367, at *7 (E.D. Pa. Apr. 12, 2010), *aff'd*, 423 F. App'x 234 (3d Cir. 2011) (citing Highway Materials, Inc. v. Whitemarsh Twp., No. Civ.A. 02-3212, 2004 WL 2220974, *10 (E.D. Pa. Oct. 4, 2004)). "Similarly, allegations that the Township has not followed state law or that its actions were illegal is immaterial—'a violation of state law is not a denial of due process of law.'" Perano, 2010 WL 1462367, at *7 (quoting Maple Properties, Inc. v. Twp. of Upper Providence, 151 Fed. App'x 174, 179 (3d Cir. 2005)) (additional citations omitted). Because the plaintiffs have not alleged that adequate procedural due process was not provided, their procedural due process claim must be dismissed.

### B. Count Two: Fair Housing Act Violations

The plaintiffs next set forth a claim pursuant to Section 3617 of the Fair Housing Act against all the defendants, based on two grounds. The plaintiffs first allege that the Township, acting through the Zoning Board and through Collura, unlawfully coerced, threatened,

11

intimidated, and interfered with the plaintiffs' right to enjoy, improve, or otherwise inhabit the 439 property by conditioning approval of the plaintiffs' variance requests, zoning applications, floodplain certifications, demolition permits, and general approval to build on the 439 property upon the plaintiffs' grant of an easement or right-of-way to the Aponicks. (Compl. ¶¶ 81–82.) Second, the plaintiffs allege that the Aponicks unlawfully coerced, threatened, intimidated, and interfered with the plaintiffs' property rights by (1) allowing their dogs to continually trespass on the property; (2) depositing rocks and other items upon the property; (3) entering the plaintiffs' property to remove shrubbery and vegetation that did not interfere with their own property; and (4) pointing a loaded weapon at Mr. Niemoczynski. (Id. ¶ 83.)

Section 3617 of the Fair Housing Act provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The complaint does not identify any instances where the defendants violated rights protected by the sections of the Fair Housing Act listed in Section 3617, nor do the plaintiffs allege that any such actions were taken on the basis of their "race, color, religion, sex, handicap, familial status, or national origin." See 42 U.S.C. §§ 3604, 3605, 3606. The plaintiffs have therefore failed to state a Fair Housing Act claim, and count two is dismissed.

### C. Count Four: Civil Conspiracy Pursuant to 42 U.S.C. § 1983

The plaintiffs next assert a § 1983 conspiracy claim against all the defendants, on the grounds that the Township and its representatives acted in concert with the Aponicks in an attempt to illegally take a portion of the plaintiffs' land by forcing them to submit to the

defendants' requests for a thirty-foot easement in order to give the Aponicks an area to store their boat.[6] (Compl. ¶¶ 95–96.)

"To state a section 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a depravation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) (citing Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999), *aff'd*, 210 F.3d 358 (3d Cir. 2000)). "While the existence of a conspiracy otherwise may supply the element of state action and expand the scope of liability through the concept of imputation, § 1983 does not provide a cause of action *per se* for conspiracy to deprive one of a constitutional right." DeFeo v. Sill, 810 F. Supp. 648, 658 (E.D. Pa. 1993) (internal citations omitted). "Without an actual deprivation, there can be no liability under § 1983." Id.

As discussed above, the plaintiffs have not sufficiently alleged deprivations of their civil rights. They have therefore failed to satisfy the second element of a § 1983 conspiracy claim, and count four is dismissed.

### D. Leave to Amend

The Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility. Id. at 236. This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request. Id. at 235.

---

[6] The portion of count four that sets forth a state law civil conspiracy claim is dismissed for lack of subject matter jurisdiction. See supra note 2.

I find that it is not necessarily futile for the plaintiffs to re-plead their federal claims. I will therefore dismiss the substantive and procedural due process claims, the Fair Housing Act claim, and the § 1983 conspiracy claim without prejudice. The federal claims against Robert Aponick, however, are dismissed with prejudice because any such amendment to the claims against him would be futile.[7] Accordingly, I will grant the plaintiffs twenty days in which to file an amended complaint properly setting forth a sufficient factual and legal basis for their claims. The plaintiffs' failure or inability to do so will, upon proper motion by the defendants, result in dismissal with prejudice.

## IV.  CONCLUSION

In light of the foregoing, the defendants' motions to dismiss are granted and the complaint is dismissed in its entirety.

An appropriate Order follows.

---

[7] The plaintiffs' claims against Robert Aponick are dismissed with prejudice because the plaintiffs have not moved to substitute another party for the claims against him within ninety days of the date of service of the suggestion of his death. See Fed. R. Civ. P. 25(a)(1) (stating that if a motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). The suggestion of death for Robert Aponick was filed on July 22, 2016. (See Niemoczynski v. Upper Mount Bethel Township of Pennsylvania, et al., No. Civ.A. 16-212, Docket Entry No. 22.) As of the date of this Memorandum, the plaintiffs have not filed a motion for substitution. Accordingly, the Fair Housing Act and § 1983 conspiracy claims against Robert Aponick are dismissed with prejudice.